77924. ADC CONSTRUCTION COMPANY v. HALL.
(381 SE2d 76)

BENHAM, Judge.

A construction contract dispute arose between appellant contractor, ADC Construction Company (ADC), and appellee Hall, a subcontractor doing business as H & H Construction Company. Hall sued ADC for payment of the money he contended was owed to him for the work he performed on an apartment complex drywall system. One of ADC's defenses to the lawsuit was that Hall had violated the Nonresident Contractor Act, OCGA § 48-13-30 et seq. ADC's position was that Hall was a resident of Tennessee, not Georgia, and that since he had failed to register with the commissioner or otherwise comply with the Act he could not maintain his claim against ADC. ADC moved to dismiss Hall's claim against it, Hall responded that he was not a nonresident for purposes of the Act, and the trial court ruled that the residency issue was a question of fact that needed to be resolved before the other issues could be tried. Pursuant to the trial court's order, a jury trial was held on the residency issue, and the jury found that Hall was a resident of Georgia during the time he was engaged in his contracting business. ADC seeks review and reversal of the judgment in Hall's favor on this issue. We find no error and affirm the judgment.

1. Appellant argues that the trial court erred in denying its motions for directed verdict. More specifically, ADC contends that the "domicile," not "residence," of the contractor is determinative of whether that contractor must comply with the Nonresident Contractor Act, and that there being insufficient evidence to support a finding that Hall was domiciled in Georgia, a directed verdict was required. We disagree with appellant's analysis of the law and its view of the facts.

The Nonresident Contractor Act does not define the terms "resident" or "nonresident" and so we must assume that the legislature intended the ordinary meaning of those words to apply. See OCGA § 1-3-1 (b); *Sabel v. State*, 248 Ga. 10, 12 (282 SE2d 61) (1981). "[R]esidence and domicile are not synonymous. . . . [A] person may have two places of residence but only one domicile. Residence means living in a particular locality and simply requires bodily presence as an inhabitant in a given place. [Cit.] In consideration of this type question the courts have made a distinction between legal residence and actual residence. The best approach is to give the term a fair common sense construction. [Cits.]" *Griffin v. State Farm &c. Ins.*

*Co.*, 129 Ga. App. 179, 182 (199 SE2d 101) (1973). "Residence usually includes an intent to live in the place for the time being. [Cit.] Domicile, unlike residence, means a permanent place of habitat. [Cit.]" *Smiley v. Davenport*, 139 Ga. App. 753, 756 (229 SE2d 489) (1976). If the legislature wanted a contractor's domicile to determine his liability under the Act, it would have used that word or defined "residence" as meaning "domicile." See, e.g., OCGA § 21-2-2 (27). The trial court did not err in deciding that the issue was one of residence and not domicile. Even if the question were one of domicile, where the facts are conflicting, it is still a mixed question of law and fact, and insofar as it involves ascertaining the intention of the party, it is within the jury's province to make the determination. Id.

The facts presented at trial were sufficient to overcome appellant's motion for directed verdict on the issue of residence. Throughout the proceedings Hall contended that he was a resident of Georgia. The evidence showed that in 1984, before and at the time of contracting with ADC, Hall lived in a trailer park in Marietta, Georgia; that he and his wife had previously lived in Tennessee, but when they separated she rented out the house in which they had lived; and that he had moved to Georgia, intending to live and find work in the state. Hall further testified that he did not maintain living quarters in Tennessee during the time in question; that during that time he had done work for other contractors in Georgia and the W-2 forms he received listed his Georgia address; and that he lived at the Marietta address with his son and his brother and used that address for his checking account with a Cobb County bank. Hall had also considered buying land and building a home for himself in Georgia. Under the definition of residence set out above, it could not be said as a matter of law that Hall was not a resident of Georgia. The motion was properly denied.

2. Appellant also challenges the trial court's rejection of its proposed jury instructions that framed the issue in terms of domicile rather than residence, and the trial court's charge that "residence usually includes an intent to live in the place for the time being." In view of the resolution of this issue in Division 1 of this opinion, we find no merit in this enumeration.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED MARCH 8, 1989 —
REHEARING DENIED MARCH 23, 1989 —

*Fishman, Kendrick & Gordon, Richard A. Gordon*, for appellant.
*Weinstock, Scavo & Montalto, Steven Montalto*, for appellee.