## A05A0972. CARTER v. THE STATE.

(622 SE2d 60)

BARNES, Judge.

Following the remand to the trial court to consider whether he raised the issue of ineffectiveness of counsel at the first opportunity, Anthony J. Carter appeals the judgment of the trial court denying his motion for a new trial based on the alleged ineffectiveness of his defense counsel. See *Carter v. State*, 267 Ga. App. 520, 526 (12) (600 SE2d 637) (2004). The facts underlying the appeal are stated in detail in our previous decision. Id. at 520-521 (1).

In that opinion, after finding that the other errors Carter raised were without merit, we remanded the case to the trial court to determine when Carter "took over his own representation," *Carter v. State*, supra, 267 Ga. App. at 526 (12), and whether Carter's appeal was his first opportunity to raise his allegations concerning ineffective assistance of counsel, id., and to make findings regarding its denial of Carter's application for a supersedeas bond. Id. at 527 (13).

Following the remand, the trial court held an evidentiary hearing and found that Carter's trial defense counsel was not ineffective. Carter has now appealed from that order, again contending that his trial defense counsel was ineffective and asserting several other issues. We find no error and affirm.

1. This case was remanded to the trial court only to address the issues specified. Because Carter was paroled before the trial court's hearing, any issue concerning the supersedeas bond is now moot. The remand, however, was not an opportunity for Carter to raise additional issues or to revisit issues decided in his appeal initially; he is not entitled to a second direct appeal from the judgment of conviction. *Jackson v. State*, 273 Ga. 320 (540 SE2d 612) (2001); *Miller v. State*, 264 Ga. App. 801, 803 (b) (592 SE2d 450) (2003). Accordingly, we will address only the timing of Carter's assumption of the responsibility for conducting his own defense and whether he raised his allegations of ineffective assistance of counsel at the first opportunity.

2. "It is axiomatic that a claim of ineffectiveness of trial counsel must be asserted at 'the earliest practicable moment.' *Smith v. State*, 255 Ga. 654, 656 (3) (341 SE2d 5) (1986)." *Bailey v. State*, 264 Ga. 300 (443 SE2d 836) (1994). This requires that the "claim be raised before

appeal if the opportunity to do so is available; that the ability to raise the issue on motion for new trial represents such an opportunity; and that the failure to seize that opportunity is a procedural bar to raising the issue at a later time." (Emphasis omitted.) *Glover v. State*, 266 Ga. 183, 184 (2) (465 SE2d 659) (1996).

Thus, new counsel must raise the ineffectiveness of previous counsel at the first possible stage of post-conviction review, *White v. Kelso*, 261 Ga. 32, 33 (401 SE2d 733) (1991), and request an evidentiary hearing if the claim involved matters outside the record. *Wilson v. State*, 277 Ga. 195, 199-200 (2) (586 SE2d 669) (2003). Consequently, because Carter assumed responsibility for his own appeal, he is in the same position as new counsel, and he was required to raise the ineffectiveness of his trial defense counsel at his first opportunity. *White v. Kelso*, supra, 261 Ga. at 33. In the circumstances of this case, Carter was required to raise this issue within the 30-day period, OCGA § 5-5-40 (a), after the entry of his conviction in which he could have filed his motion for new trial. *Glover v. State*, supra, 266 Ga. at 184. He did not do so.

The record shows Carter was convicted and sentenced on March 26, 2003, he filed a typewritten notice of appeal on April 23, 2003, he filed another handwritten notice of appeal on April 24, 2003, and he filed still another handwritten notice of appeal on September 10, 2003.

After filing his first two notices of appeal, Carter filed a pleading on June 2, 2003, noting that his attorney was "fired." Also, in another pleading filed that same day, entitled "Motion for Hearing and Notice of Defendant to proceed as pro-se in Appeal Request Bond Instated," Carter demanded to represent himself, asserting that his attorney was incompetent for filing an appeal and leaving out the grounds for appeal. He also asserted: "Ineffective assistance of counsel — contains serious errors of not producing witnesses or evidence — toilet in question." [sic] This pleading also submitted a waiver to right of appellate counsel, and requested a hearing.

These motions, however, were filed too late. "The filing of the notice of appeal divested the trial court of jurisdiction [*Holt v. State*, 205 Ga. App. 40 (421 SE2d 131) (1992)], and that court therefore was without authority to consider appellant's subsequently filed [motions for a new trial]." (Footnotes omitted.) *Bridges v. State*, 279 Ga. 351, 356-357 (10) (613 SE2d 621) (2005).

Even if Carter had not filed notices of appeal that divested the trial court of jurisdiction to modify its judgment, and even considering Carter's motions, filed on June 2, 2003, as motions for a new trial, they were not filed within 30 days of the entry of his conviction on March 26, 2003, and thus, the motions considered as motions for a new trial were void because Carter did not file them within 30 days

of the entry of his conviction. *Gulledge v. State*, 276 Ga. 740, 741 (583 SE2d 862) (2003). This is not a case in which the motion for new trial was filed after the filing of a notice of appeal, but within the period in which the filing of a motion for new trial was authorized. See *Housing Auth. &c. of Atlanta v. Geter*, 252 Ga. 196 (312 SE2d 309) (1984).

Therefore, Carter's failure to raise the ineffectiveness of his defense counsel before initiating his appeal bars his effort to raise it later. *Glover v. State*, supra, 266 Ga. at 184. Under the circumstances, he waived the issue. *Washington v. State*, 193 Ga. App. 823 (389 SE2d 407) (1989).

3. In any event, the record shows that the trial court did not err by finding that Carter had not shown that his defense counsel was ineffective. Examination of Carter's claims of ineffectiveness[1] shows that they cannot be resolved based solely on the record at his trial. Therefore, the testimony of Carter's defense counsel was required. See *Wilson v. State*, supra, 277 Ga. at 198-200; *Dawson v. State*, 258 Ga. 380, 381 (3) (369 SE2d 897) (1988), adopting *Dawson v. State*, 186 Ga. App. 718, 721 (6) (368 SE2d 367) (1988). The record shows, however, that Carter refused to produce such testimony. The trial court's order of September 26, 2003, establishes that as of that date Carter had waived the assistance of counsel and was representing himself. The order recites

> that the Defendant was afforded the opportunity to file a motion for new trial to preserve all issues he may wish to raise, particularly those of ineffective assistance of trial counsel, with the guarantee that the Defendant would not be precluded from filing an out-of-time appeal if the motion for new trial was denied. The Defendant rejected the Court's offer and insisted that all issues he wished to raise were already in the record.

The extract of the transcript from post-conviction motions in the earlier appeal also shows that the trial court asked Carter if he would like to present any evidence regarding his defense counsel's ineffectiveness, and Carter responded that he did not because it was all in the transcript.

Based solely on the record from the trial, Carter could not substantiate his allegations.[2]

---

[1] Carter alleges that his counsel was ineffective because he failed to obtain a bond pursuant to OCGA § 17-6-1, failed to keep Carter in the Fayette County jail pending appeal, abandoned his client, failed to obtain an expert witness, did not properly prepare for trial or investigate the case, and failed to request first offender treatment.

[2] Although it is true that Carter's defense counsel testified at the hearing following the

In evaluating an attorney's performance, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Where trial counsel does not testify at the motion for new trial hearing, it is extremely difficult to overcome this presumption. Since the instances of ineffectiveness alleged by [Carter] involve matters as to which evidence is required and no evidence was produced . . . , the trial court did not err in rejecting the claims of ineffective assistance asserted in the motion for new trial.

(Citation and punctuation omitted.) *Wilson v. State*, supra, 277 Ga. at 200.

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED OCTOBER 14, 2005.

Anthony J. Carter, *pro se.*
*William T. McBroom, District Attorney*, for appellee.

---

remand, he was called by the State, not Carter, and Carter's cross-examination failed to overcome the presumption that his counsel rendered effective assistance. In any event, this testimony came too late, because Carter's earlier actions failed to preserve the issue for appellate review.