S06A0544. WILLIAMS v. THE STATE.
(627 SE2d 32)

MELTON, Justice.

Appellant Johnny Mack Williams was indicted for malice murder, felony murder, aggravated assault, and possession of a knife during the commission of a felony, all in connection with the stabbing death of Randy Marshall.[1] The jury found appellant not guilty of malice murder but determined he was guilty of the remaining charges. He appeals from the denial of his amended motion for new trial. Finding no error we affirm the conviction, but remand on the issue of the effectiveness of his trial counsel.

1. A jury was authorized to find the victim and his wife, Charlotte Marshall, were a homeless couple who spent most of their time at the convenience store where the crimes took place. Appellant's companion, Henry Green, testified that on December 14, 2002, he drove appellant to the convenience store to purchase beer. Charlotte was sitting on the curb in front of the store, and her husband was standing nearby when appellant arrived. Appellant remarked, "hey, baby," to Charlotte as he entered the store. The victim confronted appellant about the comment when appellant exited. Appellant placed his purchase on the front seat of Green's car and then walked to the back of the car where the victim was standing. Witnesses testified they saw

---

[1] The crime was committed on December 14, 2002. Williams was indicted during the March 2003 term of the Chatham County grand jury, and a jury trial was held on September 29-30, 2003. Williams was sentenced to life imprisonment for felony murder and a consecutive five-year term for the possession charge. A motion for new trial was filed October 29, 2003, amended on March 24, 2004, and denied on May 17, 2004. Williams filed a notice of appeal on June 11, 2004. The case was docketed in this Court on December 1, 2005, and submitted for decision without oral argument.

appellant fight with the victim, observed the victim fall and thereafter noticed appellant fold up a knife and place it in his pocket as he calmly walked back to Green's vehicle and sat down in the passenger seat. Later, appellant stated to police detectives, "Yeah, I stabbed him. I hope he . . . dies. He shouldn't have been messing with me." The victim died a few days later from a stab wound that perforated his heart.

We find this evidence sufficient to authorize a rational trier of fact to find appellant guilty of felony murder, aggravated assault, and possession of a knife during the commission of a felony beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Contrary to appellant's argument, nothing in the record supports his contention that the court failed to charge that voluntary manslaughter is a lesser included offense of felony murder. Not only does the transcript show that the trial court gave a charge on that lesser included offense, the record also reveals that the jury verdict form specified voluntary manslaughter as a lesser included offense of felony murder.

3. We also disagree with appellant that the court committed reversible error when it recharged the jury on voluntary manslaughter. In response to an objection raised by the State, the trial court re-instructed the jury on the definition of voluntary manslaughter, by charging the entire pattern charge, including that if there is an interval of time between the provocation and the killing, the killing can be considered revenge and punished as murder. Appellant argues that the trial court erred by adding the "interval" language in the second instruction. Under the facts of this case, the trial court did not err where the additional instruction was an accurate statement of the law and authorized by the evidence. *Miner v. State*, 268 Ga. 67 (2) (485 SE2d 456) (1997).

4. Appellant contends that he did not receive effective assistance of trial counsel. Appellant's trial counsel filed a timely motion for new trial and a timely appeal. Ten months later, new appellate counsel filed a second motion for new trial asserting ineffectiveness of trial counsel. The trial court dismissed the motion because the notice of appeal had already been filed. See generally *Bridges v. State*, 279 Ga. 351 (10) (613 SE2d 621) (2005) (filing of a notice of appeal divests a trial court of jurisdiction). Under the circumstances, where appellate counsel did not have an opportunity to raise the ineffectiveness of appellant's trial counsel, and where the issue is raised at the earliest practicable moment, remand is required for the trial court to conduct an evidentiary hearing on the claim. See *Glover v. State*, 266 Ga. 183 (2) (465 SE2d 659) (1996).

*Judgment affirmed and case remanded. All the Justices concur.*

DECIDED FEBRUARY 27, 2006.

*Orin L. Alexis*, for appellant.
*Spencer Lawton, Jr., District Attorney, Margaret E. Heap, Assistant District Attorney, Thurbert E. Baker, Attorney General, Robin J. Leigh, Assistant Attorney General*, for appellee.