## A06A1848. THOMAS v. THE STATE.
(637 SE2d 502)

SMITH, Presiding Judge.

Melvin Lee Thomas was tried with two co-defendants and convicted of violation of the Georgia Racketeer Influenced and Corrupt Organizations Act, theft by receiving stolen property, and possession of a counterfeit or false proof of insurance document. He appeals pro se from the judgment of conviction and sentence, alleging ineffectiveness of trial counsel in various respects. Because it appears that he attempted to raise these claims at the earliest opportunity, we remand this appeal for a hearing on Thomas's claims of ineffective assistance.

Thomas was sentenced in May 2004. His trial counsel filed a timely notice of appeal on his behalf. In December 2005, Thomas filed a motion to dismiss his trial counsel for ineffective assistance "prior to trial, during trial, and post trial," enumerating instances of alleged misconduct. In February 2006, he amended that motion to add further allegations of ineffective assistance. In March 2006, the trial court held a hearing on Thomas's motion and on trial counsel's motion to withdraw, treating it as a hearing concerning representation of Thomas on appeal. After discussing the matter at some length with counsel and with Thomas, the trial court directed Thomas's trial counsel to meet with counsel for Thomas's co-defendants and determine which of them could best represent Thomas, "then convey to Mr. Thomas what you have learned to see what his wishes are and let's just kind of do what Mr. Thomas wants." Thomas expressed his

satisfaction with this plan, but one day later declared that he did not wish either lawyer to represent him and elected to proceed pro se.

No motion for new trial on behalf of Thomas appears in the record, but the remarks of the trial court during the hearing on Thomas's motion to dismiss trial counsel seem to indicate that one exists.[1] Thomas, on the other hand, asserts that no motion was filed on his behalf, but he stated at the hearing that his name appeared on his co-defendants' motion for new trial and he believed he had been included.

> It is axiomatic that a claim of ineffectiveness of trial counsel must be asserted at the earliest practicable moment. This requires that the claim be raised before appeal if the opportunity to do so is available; that the ability to raise the issue on motion for new trial represents such an opportunity; and that the failure to seize that opportunity is a procedural bar to raising the issue at a later time.

> Thus, new counsel must raise the ineffectiveness of previous counsel at the first possible stage of post-conviction review, and request an evidentiary hearing if the claim involved matters outside the record. Consequently, because [appellant] assumed responsibility for his own appeal, he is in the same position as new counsel, and he was required to raise the ineffectiveness of his trial defense counsel at his first opportunity.

(Citations and punctuation omitted.) *Carter v. State*, 275 Ga. App. 846, 846-847 (2) (622 SE2d 60) (2005). Ordinarily, failure to file a motion for new trial would foreclose a later assertion of ineffective assistance of counsel. Id.

But at the time Thomas raised his allegations of ineffective assistance, he was still represented by trial counsel. He made the determination to represent himself only after filing a pleading which, though styled as a motion to remove his trial counsel, contained allegations of ineffective assistance. A hearing was held on this motion, although it was confined to the issue of who would represent Thomas and did not address his underlying allegations.

Even though trial counsel had filed a notice of appeal, this does not foreclose a claim of ineffective assistance being raised in a later motion for new trial. See *Williams v. State*, 280 Ga. 297, 298 (4) (627 SE2d 32) (2006). While Thomas did not style his motion as an

---

[1] Thomas's co-defendants did file a motion for new trial.

extraordinary motion for new trial, given his allegations of ineffectiveness, including that trial counsel had failed to file a motion for new trial within the prescribed time, it appears that this was the substance if not the style of his motion. "It is not that the magic words are spoken, but what is said and done irrespective of the magic words. We have long ago departed that realm of law where runes and sigils supplant reason and substance." (Citations and punctuation omitted.) *Saye v. State*, 263 Ga. App. 225, 226 (1) (a) (587 SE2d 393) (2003).

Under these unusual circumstances, we cannot say that Thomas failed to raise his allegations at the earliest practicable moment. We therefore remand this case to the trial court to conduct an evidentiary hearing on Thomas's claims of ineffective assistance of trial counsel. If the trial court finds that Thomas did not receive effective assistance, a new trial is required. If the trial court finds that Thomas did receive effective assistance, then Thomas shall have 30 days to appeal that ruling. *Emilio v. State*, 257 Ga. App. 49, 53 (570 SE2d 372) (2002).

Thomas's pending "Motion in Support of Appeal Brief's For Immediate Release" is dismissed as moot.

*Case remanded with direction. Ruffin, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 18, 2006.

Melvin L. Thomas, *pro se.*

W. Kendall Wynne, Jr., *District Attorney,* Layla V. Hinton, *Assistant District Attorney,* for appellee.