A06A1344. BRYSON v. THE STATE.
(638 SE2d 181)

BERNES, Judge.

A Stephens County jury found Robert Pearl Bryson guilty of two counts of aggravated sodomy, four counts of aggravated child molestation, one count of child molestation, and two counts of failure to register as a sex offender. On appeal, Bryson claims that the evidence was insufficient to support his convictions on the aggravated sodomy, child molestation, and failure to register as a sex offender counts. Bryson also contends that the trial court erred in denying his motions to quash the indictment, in denying his trial counsel's motion to withdraw from representation, in denying his motion to sever the charges of failure to register as a sex offender, and in admitting into evidence a plea of no contest. Finally, Bryson argues that he was denied effective assistance of trial counsel. We find no error and affirm.

1. (a) Bryson claims that the evidence was insufficient to support the jury's verdict of guilty on the two counts of aggravated sodomy. "A person commits the offense of aggravated sodomy when he or she commits sodomy with force and against the will of the other person or when he or she commits sodomy with a person who is less than ten years of age." OCGA § 16-6-2 (a) (2). Count 1 of the indictment charged Bryson with committing aggravated sodomy in that he "did unlawfully perform a sexual act involving [his] sex organs . . . and the anus of [B. S.]." Count 2 charged him with committing aggravated sodomy in that he "did unlawfully perform a sexual act involving [his] mouth . . . and the sex organs of [B. S.]."

> On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

(Citation and punctuation omitted.) *Rosser v. State*, 276 Ga. App. 261, 262 (1) (623 SE2d 142) (2005).

So viewed, the evidence shows that during the summer of 2003, fifty-one-year-old Bryson befriended eight-year-old B. S. and ten-year-old K. S. Amongst other activities, Bryson engaged the children by taking them swimming and to the store for ice cream. The children's mother became concerned that her children were spending too much time with Bryson and consequently instructed Bryson to stay away from the children. Bryson disregarded her request and instead left candy for the children on a stump by the road near their house. Bryson then began appearing in their yard. After Bryson took one of the boy's bicycles, the mother called the police.

After speaking with the police, the mother decided to ask her children whether they had been touched inappropriately. She spoke with each child separately, and B. S. told his mother that Bryson had touched him "on the front down below." K. S. told his mother that Bryson "tried to put his thing in my butt."

B. S. and K. S. were interviewed by an investigator with the Department of Family and Children Services. The interviews were recorded on videotape and played for the jury. B. S. described acts of oral and anal sodomy to the investigator. K. S. was interviewed separately and also described acts of oral and anal sodomy.

At trial, B. S. nodded affirmatively when asked if Bryson had touched B. S.'s penis with Bryson's mouth. B. S. further indicated

that Bryson had touched B. S.'s "behind" with Bryson's "private part." K. S. testified that Bryson touched K. S.'s "behind" with Bryson's private part, and that Bryson touched K. S.'s private part with his mouth.

Bryson contends that the evidence was insufficient to show that he engaged in a sexual act involving his sexual organs and the anus of B. S., a child less than ten years of age, and engaged in a sexual act involving his mouth and the sex organs of B. S. We disagree. The evidence presented at trial and summarized above was sufficient to authorize a rational trier of fact to find Bryson guilty beyond a reasonable doubt of aggravated sodomy. *Jackson*, 443 U. S. 307; *Guzman v. State*, 273 Ga. App. 819, 822-823 (3) (616 SE2d 142) (2005). While Bryson argues that B. S.'s testimony was insufficient to show that Bryson's penis penetrated B. S.'s anus, Georgia law defines sodomy as "any sexual act *involving* the sex organs of one person and the mouth or anus of another." (Emphasis supplied.) OCGA § 16-6-2 (a) (1). A showing of penetration is not required to establish sodomy. A showing of contact is all that is required. See *Wimpey v. State*, 180 Ga. App. 529, 530 (2) (349 SE2d 773) (1986).

(b) Bryson also claims that the evidence was insufficient to convict him of child molestation. "A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a). In this count, the indictment alleged that Bryson performed an immoral and indecent act on K. S., a child under the age of 16 years, by kissing K. S. on the mouth with the intent to arouse and satisfy Bryson's sexual desires.

A witness testified that she saw Bryson kiss K. S. on the lips while Bryson and K. S. were swimming at a lake. Bryson argues that the evidence failed to show that this kiss was made with the intent to arouse Bryson's sexual desires, "as opposed to just being a kiss of greeting." We disagree. "In determining the intent with which an act is done, the jury may consider the defendant's words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted." *Phillips v. State*, 269 Ga. App. 619, 629 (8) (604 SE2d 520) (2004). Here, the circumstances show that a fifty-one-year-old man kissed an unrelated ten-year-old boy on the mouth while the two were swimming together within the context of a relationship involving other acts of molestation. As such, a rational jury could infer that Bryson kissed K. S. with the intent to gratify Bryson's sexual desires. "A reviewing court will not disturb a factual determination by the jury on intent unless it is contrary to the evidence and clearly erroneous." (Citation and punctuation omitted.) *Ney v. State*, 227 Ga. App. 496, 497-498 (1) (489 SE2d 509) (1997). We

conclude that the evidence was sufficient for any rational trier of fact to find Bryson guilty beyond a reasonable doubt of child molestation. *Jackson*, 443 U. S. 307; *Phillips*, 269 Ga. App. at 629-630 (8).

(c) Bryson argues that the trial court erred in denying his motion for a directed verdict on Count 8 of the indictment, which alleged that he failed to register as a sex offender under OCGA § 42-1-12.[1] "On appeal, the standard of review for denial of a motion for directed verdict is the same as that for determining the sufficiency of the evidence to support a conviction." (Footnote omitted.) *Hash v. State*, 248 Ga. App. 456, 457 (1) (546 SE2d 833) (2001).

Former OCGA § 42-1-12 (b) (4) (B) (2003) provided that a person required to register under the Code section shall "[r]eport in person within ten days to the appropriate sheriff or sheriffs if the person changes residence address. . . ."[2] Count 8 of the indictment alleged that on or between July 8, 2003 and July 31, 2003, Bryson failed to report his change of residence address in person within ten days to the Stephens County sheriff. According to Count 8, Bryson was required to register and make such a report because on September 27, 1999, he had been convicted of indecent liberties with a minor in North Carolina.

Evidence at trial did show that in 1999, Bryson had been convicted in North Carolina of the felony of indecent liberties with a minor. It also showed that in February 2003, Bryson registered as a sex offender in Stephens County. However, in July 2003, when an officer attempted to talk to Bryson about the incidents alleged in the indictment, Bryson fled the county. He was eventually apprehended at a bus stop in Tennessee during the summer of 2004. He told one of the arresting officers that he had come from North Carolina. At trial, Bryson admitted that he left Georgia and stayed away for more than a year. The evidence is undisputed that during the year that Bryson was away, he failed to apprise Stephens County authorities of his change in residence address.

---

[1] Bryson also was indicted and convicted of failure to register as a sex offender under Count 9 of the indictment, but the trial court merged Bryson's conviction on Count 9 into Count 8 for sentencing purposes. "We need not consider . . . the sufficiency of the evidence to convict on a count on which the trial court failed to enter judgment." (Citation and punctuation omitted.) *Nelson v. State*, 277 Ga. App. 92, 96 (1) (b) (625 SE2d 465) (2005).

[2] In contrast, the current version of OCGA § 42-2-12, enacted in 2006, provides that if a sexual offender changes his or her residence address,

> the sexual offender shall give the information to the sheriff of the county with whom the sexual offender last registered within 72 hours prior to any change of residence address and to the sheriff of the county to which the sexual offender is moving within 72 hours after establishing the new residence.

OCGA § 42-2-12 (f) (5) (2006). See Ga. L. 2006, p. 379, § 24.

Bryson nevertheless argues that the evidence failed to show that he either changed his residence address or moved to another state after having registered as a sex offender in Stephens County. Relying on the law of domicile, Bryson argues that "[i]f a person leaves the place of his domicile temporarily, or for a particular purpose, and does not take up an actual residence elsewhere with the avowed intention of making a change in his domicile, he will not be considered as having changed his domicile." (Citations and punctuation omitted.) *Williams v. Williams*, 226 Ga. 734, 736 (2) (177 SE2d 481) (1970), overruled on other grounds, *Ogden Equip. Co. v. Talmadge Farms*, 232 Ga. 614, 615 (208 SE2d 459) (1974). Bryson further contends that there is no evidence that he actually took up residence elsewhere than Stephens County.

We disagree with Bryson's arguments. OCGA § 42-1-12 (b) (4) (B) (2003) does not speak to the concept of "domicile," but to residence address and moving. "Residence usually includes an intent to live in the place for the time being. Domicile, unlike residence, means a permanent place of habitat." (Citations and punctuation omitted.) *ADC Constr. Co. v. Hall*, 191 Ga. App. 33, 34 (1) (381 SE2d 76) (1989). Although the state did not show exactly where Bryson resided after leaving Stephens County, it did show that Bryson left the county and lived outside the state for more than a year without informing the Stephens County sheriff of a change in residence address, as required by law. Accordingly, we conclude any rational trier of fact could find Bryson guilty beyond a reasonable doubt of failure to register as a sex offender as alleged in Count 8 of the indictment. *Jackson*, 443 U. S. 307.

2. Bryson contends that the trial court erred in denying as untimely his motion to quash the indictment and a subsequent motion to quash Count 8 of the indictment. Prior to his arraignment, Bryson filed a motion to quash the indictment on the ground that the wife of the sheriff of Stephens County improperly served as a member of the grand jury that indicted him. The trial court denied the motion as untimely because it was not made before the return of the indictment in open court on October 5, 2004.

Bryson acknowledges that a challenge to the array of a grand jury traditionally must be raised prior to the return of the indictment, except where the defendant has made a showing of his lack of knowledge of the alleged illegal composition. See *Sullivan v. State*, 246 Ga. 426, 426-427 (271 SE2d 823) (1980). Bryson, however, contends that OCGA § 17-7-110, which became effective May 14, 2003, changed this rule.[3] We need not reach this question because the

---

[3] OCGA § 17-7-110 provides: "All pretrial motions, including demurrers and special pleas,

trial court also denied Bryson's motion on the merits, and it did so without error. See *Houser v. State*, 234 Ga. 209, 213 (10) (214 SE2d 893) (1975) (a county sheriff is not an interested party in result of a grand jury investigation, and the grand jury was not illegally constituted because the wife of the sheriff was a member).

Less than a week before trial, Bryson also filed a separate motion to quash Count 8 of the indictment, which was one of the two charges of failure to register as a sex offender. Bryson contended that the indictment was legally insufficient because the dates of the offense as alleged in the indictment differed from the dates in the arrest warrant. The trial court correctly concluded that Bryson had waived the right to challenge the form of the indictment because his motion was not made before entry of his plea of not guilty. See *Dowdell v. State*, 278 Ga. App. 142, 144 (2) (628 SE2d 226) (2006) (stating that a "special demurrer objects to the form of the indictment . . . and must be raised before pleading to the indictment") (footnote omitted). And even if we assume that OCGA § 17-7-110 applied to the filing of Bryson's motion, it was untimely under that statute as well.

3. Bryson claims that the trial court erred in denying his court-appointed trial counsel's motion to withdraw from representation. Bryson's trial counsel filed a motion to withdraw from representation four days before the trial was scheduled to commence. While trial counsel asserted in his motion that his relationship with Bryson was extremely strained and marked by an "atmosphere of distrust and lack of confidence," he nevertheless stated that "[b]ased on his judgments as to how the case should be tried, [he had] prepared for trial and could be ready for trial" on the scheduled date. Bryson also indicated that he wished for the trial court to grant his trial counsel's motion to withdraw and appoint another attorney to represent him.

"[A]n indigent criminal defendant does not have an absolute right to discharge one court-appointed counsel and have another substituted in his place. A request of this sort addresses itself to the sound discretion of the trial court." (Citations and punctuation omitted.) *Newby v. State*, 161 Ga. App. 805, 807 (2) (288 SE2d 889) (1982). Furthermore, Uniform Superior Court Rule 4.3 (1) provides that the trial court may exercise its discretion and decline an attorney's request to withdraw if "to do so would delay the trial of the action."

The trial court concluded that granting trial counsel's motion to withdraw on the eve of trial would delay the trial of the action. Given that trial counsel represented that he could be ready for trial and the

shall be filed within ten days after the date of arraignment, unless the time for filing is extended by the court."

timing of trial counsel's request, we conclude that the trial court did not abuse its discretion in denying the motion to withdraw. See, e.g., *Durham v. State*, 185 Ga. App. 163, 164 (1) (363 SE2d 607) (1987) (defendant is guaranteed effective counsel, not an attorney-client relationship free of disagreement or tension).

4. Bryson claims that the trial court erred in denying his motion to sever the failure to register as a sex offender counts from the trial of the remaining counts.

> The Supreme Court of Georgia has held that two or more offenses may be joined in one charge, with each offense stated in a separate count, when the offenses . . . (a) are of the same or similar character, even if not part of a single scheme or plan; or (b) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan. If the offenses are joined for trial *solely* on the ground that they were of the same or similar character, the defendant has the right to their severance. Otherwise, the court has the discretion to grant or deny severance based on what is necessary to achieve a fair determination of the defendant's guilt or innocence of each offense. The court should consider whether the jury would be able to distinguish the evidence and apply the law intelligently as to each offense.

(Citations omitted; emphasis in original.) *Bolton v. State*, 258 Ga. App. 581, 582 (1) (574 SE2d 659) (2002).

In this case, the charges involved a series of acts which were connected together, beginning with Bryson's molestation of B. S. and K. S., which caused a law enforcement officer to seek to question Bryson, which in turn caused Bryson to flee into the woods away from the officer and then out of the state without the notification required by OCGA § 42-1-12. Evidence of the crimes against B. S. and K. S. was relevant to show Bryson had changed his residence address and moved to another state. Conversely, evidence of Bryson's failure to report was relevant to the crimes against B. S. and K. S. because it constituted evasive conduct providing circumstantial evidence of guilt. See *Watkins v. State*, 248 Ga. App. 412, 414 (2) (b) (546 SE2d 363) (2001). Accordingly, we conclude Bryson was not entitled to severance as a matter of right. See *Stewart v. State*, 277 Ga. 138, 140 (587 SE2d 602) (2003) (stating that "severance is not mandatory when evidence of one offense is admissible upon the trial of another offense") (citations omitted; emphasis omitted).

Although severance was not mandatory, we still must consider if a trier of fact would have been able to fairly and intelligently assess

guilt or innocence as to each charge. *Stewart*, 277 Ga. at 140. "The [trial] court is vested with discretion in this matter, and in the exercise of that discretion it must balance the interest of the defendant with the interest of the [s]tate." (Citations omitted.) Id. at 139. We conclude that this case was not so complex as to impair the jury's ability to distinguish the evidence and apply the law intelligently to the counts as joined. See *Dingler v. State*, 233 Ga. 462 (211 SE2d 752) (1975) (noting that severance is typically sought on the ground that a unified disposition of several charges would lead to confusion of law and evidence by the trier of the fact).

Bryson further argues that the trial court erred in failing to sever the two counts of failure to register as a sex offender in view of cases involving charges of possession of a firearm by a convicted felon. Under that case law, "when the prior convictions used to support a charge of possession of a firearm by a convicted felon are not legally material to the remaining counts, a trial court must bifurcate the firearm possession charge upon the defendant's request." (Citation omitted.) *Laye v. State*, 261 Ga. App. 327, 328 (582 SE2d 505) (2003).

Even applying that case law by analogy, severance was not required under the facts of this case. As already noted, the failure to report charges were legally material to the crimes against B. S. and K. S. because the failure constituted evasive conduct that was circumstantial evidence of guilt. Furthermore, the trial court ruled that evidence of the conduct underlying Bryson's conviction of a sex offense in North Carolina was admissible as a similar transaction. See, e.g., *Kellum v. State*, 258 Ga. 536 (2) (a), (b) (371 SE2d 405) (1988), overruled on other grounds, *Head v. State*, 262 Ga. 795, 798 (4) (426 SE2d 547) (1993) (failure to sever felony possession count not error where it was relevant to count of murder as similar transaction); *Cordy v. State*, 257 Ga. App. 726, 727 (3) (572 SE2d 73) (2002) (prior convictions were admissible as similar transactions and bifurcation of felony possession charge was therefore not required). Thus, the trial court did not abuse its discretion in denying Bryson's motion to sever.

5. Bryson argues that the trial court erred in admitting into evidence a plea of no contest and in "making reference" to the plea with regard to the similar transaction evidence. The trial court admitted into evidence a certified copy of the indictment, plea transcript, and judgment of conviction associated with Bryson's conviction in North Carolina of two counts of indecent liberties with a minor. Bryson's trial counsel indicated that he had no objection to the admission of the evidence so long as the plea transcript — which showed Bryson's plea of no contest to the charges — was included in the papers.

Bryson's failure to object to the introduction of the evidence precludes review of the issue on appeal. *Sheffield v. State*, 235 Ga. 507, 508 (2) (220 SE2d 265) (1975). While Bryson contends that the issue was preserved through a motion in limine, we disagree. Our review of the motion shows that he only sought to exclude reference to evidence concerning those charges which were dismissed as part of his plea bargain in North Carolina. Furthermore, OCGA § 17-7-95 (c) provides that *"[e]xcept as otherwise provided by law,* a plea of nolo contendere shall not be used against the defendant in any other court or proceedings as an admission of guilt or otherwise or for any purpose." (Emphasis supplied.) Thus, there is no prohibition on the use of a no contest plea if "otherwise provided by law." Former OCGA § 42-1-12 (a) (3) (2003) provided that a plea of nolo contendere is deemed a conviction for purposes of the registration requirements.[4] The plea therefore was admissible to show a conviction for purposes of Bryson's alleged failure to register as a sex offender.

Bryson also claims that the trial court erroneously allowed "reference" to the no contest plea where the facts underlying the plea had been introduced as evidence of a similar crime. While Bryson emphasizes that a no contest plea may not be entered into evidence to prove a similar transaction, see *Proulx v. State*, 196 Ga. App. 303 (1) (395 SE2d 668) (1990), he has failed to demonstrate that the trial court allowed the jury to consider the plea for that purpose. Shortly after the admission of the plea associated with the North Carolina crime, the trial court, without objection, instructed the jury that

> A plea of no contest shall not be used against the defendant in any proceeding as an admission of guilt. And the plea shall not be deemed a plea of guilty. It's not a plea of guilty as to these offenses. However, you may consider this in determining whether he failed to register as a sex offender.

Hence, the record fails to reflect that the jury was permitted to consider the plea as similar transaction evidence. We thus find no error.

6. Bryson contends that he received ineffective assistance of trial counsel and that we should remand the case for a hearing on the issue of his trial counsel's ineffectiveness, as this is his first opportunity to raise the issue. We conclude that Bryson has waived his right to assert his ineffective assistance claim.

---

[4] Although codified in a different subsection, the current version of OCGA § 42-1-12 is the same in this regard. See OCGA § 42-1-12 (a) (8) (2006).

Bryson's trial counsel filed a motion for new trial on June 27, 2005, which was set down for a hearing. However, Bryson filed a pro se notice of appeal on July 22, 2005. Thereafter, Bryson's post-trial attorney filed a notice of appearance on July 25, 2005 and instructed the clerk not to transmit the record to this Court.

The hearing on Bryson's motion for new trial was held in January 2006. Bryson's post-trial attorney informed the trial court that Bryson had not authorized his trial counsel to file a motion for new trial; that Bryson believed that his trial counsel was not his lawyer when the motion for new trial was filed; and that Bryson did not want a hearing on the motion for a new trial. Nonetheless, post-trial counsel informed the trial court that he was prepared to proceed with the hearing. Bryson's trial counsel also was present and available to testify.

Bryson told the trial court that he believed that his trial counsel was ineffective, but maintained that his first opportunity for raising the issue would be on direct appeal. The trial court warned Bryson that he risked "forever waiving" his ineffective assistance claim if he failed to pursue it and offered Bryson the opportunity to present evidence on his claim. Bryson, however, ignored the trial court's warning and instructed his post-trial counsel not to pursue the claim at the hearing. The trial court subsequently held that Bryson had knowingly and intelligently waived his right to pursue an ineffective assistance of counsel claim. Bryson, through his post-trial counsel, then filed a notice of appeal in which he represented that his pro se notice of appeal had been timely filed, and that the second notice of appeal was being filed out of an abundance of caution.

Bryson now contends that this is the first opportunity for him to pursue a claim of ineffective assistance of counsel, and that we should therefore remand the case for a hearing on this issue. See *Wiley v. State*, 250 Ga. App. 731, 735 (3) (552 SE2d 906) (2001). We disagree. If the motion for new trial filed by Bryson's trial counsel was without effect because Bryson was not then represented by trial counsel, and if Bryson thus filed a timely and effective pro se notice of appeal on July 22, 2005, then Bryson "is in the same position as new counsel, and he was required to raise the ineffectiveness of his trial defense counsel at his first opportunity." *Carter v. State*, 275 Ga. App. 846, 847 (2) (622 SE2d 60) (2005). It follows that his failure to timely raise the issue of his trial counsel's ineffectiveness in the trial court would bar consideration of the issue on appeal. Id.

Alternatively, if Bryson was represented by trial counsel when the latter filed the motion for new trial, then the July 22, 2005 notice of appeal was premature so long as the motion remained pending. *Schramm v. State*, 274 Ga. 113, n. 1 (549 SE2d 402) (2001). Bryson then could have pursued an ineffective assistance claim through his

post-trial counsel, but elected not to do so. A "claim of ineffectiveness is waived on appeal if the claim could have been raised on motion for new trial by post-trial counsel, but was not." (Citation omitted.) *Wilson v. State*, 277 Ga. 195, 197 (2) (586 SE2d 669) (2003). As such, the trial court correctly concluded that Bryson waived his right to pursue a claim of ineffective assistance of trial counsel.[5] See *Ray v. State*, 253 Ga. App. 626, 627 (3) (560 SE2d 54) (2002) (issue of ineffective assistance must be raised at the first possible stage of post-conviction review or the issue is waived).

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 20, 2006.

Robert P. Bryson, *pro se.*
Michael H. Crawford, *District Attorney*, Richard K. Bridgeman, *Assistant District Attorney*, for appellee.

---

[5] The state suggests that Bryson may have only waived an evidentiary hearing on his ineffective assistance claim, and that we may review the claims on the merits by reference to the existing record. See *Wilson*, 277 Ga. at 199 (2). But, Bryson chose not to raise an ineffective assistance claim in the trial court, and so we have nothing to review. See id. at 198 (2) ("failure to raise the issue at all in the trial court results in no appellate consideration of the claim of ineffectiveness").