**SECOND DIVISION**
**MERCIER, C. J.,**
**MILLER, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 19, 2023**

# In the Court of Appeals of Georgia

A23A1157. BRYSON v. THE STATE.

HODGES, Judge.

This is Robert Pearl Bryson's second appearance before this Court. In his first appeal, we affirmed the denial of his motion for new trial, rejecting his contentions of error regarding evidentiary sufficiency, ineffective assistance of counsel, and the admission of evidence of a past nolo contendere plea to prove a related charge and as similar transaction evidence. *Bryson v. State*, 282 Ga. App. 36 (638 SE2d 181) (2006) (*Bryson I*). Now, in his subsequent appeal, Bryson argues, pro se, that the trial court erred in denying his motion to vacate a void sentence. Finding no error, we affirm.[1]

---

[1] Bryson's "Motion to Disregard Appellee's Brief" is hereby denied.

Both his current appeal and his earlier appeal stem from a 2005 jury verdict finding Bryson guilty of two counts of aggravated sodomy, four counts of aggravated child molestation, one count of child molestation, and two counts of failure to register as a sex offender.

> The sentencing court generally has jurisdiction to modify or vacate such a sentence only for one year following the imposition of the sentence. OCGA § 17-10-1 (f). But a sentencing court has jurisdiction to vacate a void sentence at any time. In this case, [Bryson] filed his motion to vacate his sentence nearly [16] years after the sentence was imposed. Accordingly, the sentencing court had jurisdiction of his motion only to the extent that it presented a cognizable claim that the sentence was void.

(Citations, punctuation, and emphasis omitted.) *von Thomas v. State*, 293 Ga. 569, 571 (2) (748 SE2d 446) (2013). "A sentence is void if the court imposes punishment that the law does not allow. When the sentence imposed falls within the statutory range of punishment, the sentence is not void[.]" (Citations and punctuation omitted.) *Reynolds v. State*, 272 Ga. App. 91, 94 (2) (611 SE2d 750) (2005). "While [Bryson's] motion is without merit for the reasons described below, it nevertheless presented a colorable claim for a void sentence." *Bihlear v. State*, 341 Ga. App. 364, 365 (1) (a) (801 SE2d 68) (2017).

2

Bryson's convictions stemmed from his interactions with two young boys, ages 8 and 10, when Bryson was 51 years old.[2] In his current appeal, Bryson raises a number of claims of error. Some of them, as will be discussed more fully below, are repetitive of matters already raised and ruled upon by this Court.

> At the outset, [Bryson's] opening brief suffers from numerous violations of this Court's rules. Most glaringly, [Bryson] failed to list any enumerations of error. See Court of Appeals Rule 25 (a) (2) ("The brief of appellant shall consist of three parts . . . including the enumeration of errors"); see also OCGA § 5-6-40 ("The appellant . . . shall file with the clerk of the appellate court, at such time as may be prescribed by its rules, an enumeration of the errors which shall set out separately each error relied upon.") Moreover, the brief does not contain a succinct and accurate statement of the proceedings below and the material facts relevant to the appeal; . . . a statement of the method by which each enumeration of error was preserved for consideration; a statement of jurisdiction as to why this Court, and not the Supreme Court, has jurisdiction; . . . and a concise statement of the applicable standard of review with supporting authority for each issue presented in the brief. Court of Appeals Rule 25 (a).

(Punctuation and emphasis omitted.) *Bowser v. State*, 362 Ga. App. 181, 182 (867 SE2d 529) (2021). Also, certain portions of the brief do not contain argument or

---

[2] *Bryson I*, 282 Ga. App. at 37 (1) (a).

citation to the parts of the record or transcript essential to our consideration of the assertions of error. See id.

> Briefs that do not conform to the rules regarding enumerations of error, structure of briefs, argument, or citation of authorities, as [Bryson's] fails to do, are not merely an inconvenience or grounds for refusing to consider a party's contentions. Such briefs hinder this court in determining the substance and basis of an appellant's contentions both in fact and in law and may well prejudice an appellant's appeal regardless of the amount of leniency shown. Nevertheless, we will address [Bryson's] arguments, insofar as we are able to ascertain them from his brief.

(Citation and punctuation omitted.) *Anderson v. State*, 335 Ga. App. 78, 80 (2) (778 SE2d 826) (2015); see also *Fleming v. Advanced Stores Co.*, 301 Ga. App. 734, 735 (688 SE2d 414) (2009) (holding that an appellant's pro se status "does not relieve him of the obligation to comply with the substantive and procedural requirements of the law, including the rules of this Court.") (citation and punctuation omitted). We nonetheless have attempted to ascertain Bryson's arguments on appeal. Liberally construed, his appellate brief propounds the following contentions:

1. Bryson asserts several errors related to the use of his prior nolo contendere pleas as predicate convictions, which he argues resulted in sentencing that the law does not allow. We disagree.

At trial and upon proper notice that it would seek recidivist sentencing, the State introduced Bryson's prior North Carolina convictions: a jury verdict of guilty for felony larceny by breaking and entering; a guilty plea to voluntary manslaughter; and a judgment of conviction associated with two counts of indecent liberties with a minor, to which Bryson had pled nolo contendere. See *Bryson I*, 282 Ga. App. at 43 (5).

(a) Bryson argues that the trial court improperly considered his nolo contendere pleas as "convictions" for the purposes of sentencing him as a recidivist, resulting in a void sentence.

"[W]hether a defendant was properly sentenced as a recidivist under OCGA § 17-10-7 is subject to de novo review." (Citation and punctuation omitted.) *Sambou v. State*, 358 Ga. App. 645, 650 (2) (854 SE2d 392) (2021).

OCGA § 17-10-7 (c) (2003) provided that

> any person who, after having been convicted under the laws of this state
> for three felonies or *having been convicted under the laws of any other*

5

*state or of the United States of three crimes which if committed within this state would be felonies*, commits a felony within this state other than a capital felony must, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served.

(Emphasis supplied.) The trial court stated that it was sentencing Bryson as a recidivist as to Count 7, the child molestation count, and sentenced him to life without the possibility of parole. Bryson argues that the North Carolina nolo contendere pleas should not have been used as the third predicate crime for recidivist sentencing, and that his other two prior North Carolina crimes were insufficient to trigger the recidivist sentencing provision of OCGA § 17-10-7 (c), making his sentence longer than the law allows.

Bryson points to OCGA § 17-7-95 (c), which provides that "*[e]xcept as otherwise provided by law*, a plea of nolo contendere shall not be used against the defendant in any other court or proceedings as an admission of guilty or otherwise or for any purpose[.]" (Emphasis supplied.) See also *Beasley v. State*, 345 Ga. App. 247, 250 (812 SE2d 561) (2018). The version of the child molestation statute in effect at

the time of the crime, OCGA § 16-6-4 (b) (2003), showed such legislative intent, providing that:

> [u]pon a second or subsequent conviction of an offense of child molestation, the defendant shall be punished by imprisonment for not less than ten years nor more than 30 years *or by imprisonment for life*[.] . . . *Adjudication of guilt or imposition of sentence for a conviction* of a second or subsequent offense of child molestation, *including a plea of nolo contendere*, shall not be suspended, probated, deferred, or withheld.

(Emphasis supplied.)[3] The plain language of the statute provides that a "conviction" includes "a plea of nolo contendere[.]" See generally *Bryson I*, 282 Ga. App. at 44 (5) (finding that OCGA § 42-1-12 (a) (3) (2003), which requires registration of sex offenders, "provided that a plea of nolo contendere is deemed a conviction for purposes of the registration requirements" for purposes of OCGA § 17-7-95 (c)). The trial court did not err in considering Bryson's nolo contendere please as convictions for the purposes of recidivist sentencing.

(b) Bryson also argues that, if his nolo contendere pleas are convictions, OCGA § 17-10-7 (c) requires that they constitute felonies. While he admits in judicio that the

---

[3] Compare OCGA § 16-6-4 (b) (1) (2023) (omitting, inter alia, the reference to nolo contendere pleas).

7

State presented certified copies of the pleas, he appears to argue that the State failed to provide factual "evidence" in support of the pleas, rendering void his sentencing as a recidivist.

OCGA § 17-10-7 (a) (2003) imposed the maximum sentence for persons convicted of a felony who were previously "convicted under the laws of any other state or of the United States of a crime which *if committed within this state would be a felony*[.]" (Emphasis supplied.) See *Williams v. State*, 296 Ga. App. 270, 274 (1) (b), n. 2 (674 SE2d 115) (2009) ("[W]hen using foreign convictions for recidivist punishment, the state bears the burden of showing that the foreign convictions were for conduct which would be considered felonious under the laws of this state.") (citation and punctuation omitted).

In determining whether a nolo plea constitutes a qualified predicate conviction under OCGA § 17-10-7 (c), we examine whether the elements of the offense in the foreign jurisdiction constitute a felony under Georgia law and whether the nolo plea constitutes a conviction in that foreign jurisdiction. *Green v. State*, 311 Ga. 238, 242-243 (1) (857 SE2d 199) (2021).

> Significantly, the General Assembly provided that, in making the substantive determination of whether a prior offense would constitute a felony, we are to look exclusively at the laws of *this state*. OCGA § 17-10-7 (c) requires a sentencing court to consider whether the elements of an out-of-state felony would constitute a felony under Georgia law. However, in determining whether a conviction counts for recidivist sentencing when the proffered felony was committed out-of-state, we are to look at whether the defendant has been "*convicted under the laws of any other state*[.]" OCGA § 17-10-7 (c).

(Punctuation omitted; emphasis in original.) *Green*, 311 Ga. at 243 (1).

It is clear that the nolo pleas constitute convictions under North Carolina law. Under North Carolina law, a nolo contendere plea is "tantamount to a plea of guilty . . . ." *State v. Norman*, 170 SE2d 923, 926(N. C. 1969). A nolo contendere plea amounts to a conviction. *State v. Outlaw*, 390 SE2d 336, 337-338 (N. C. 1990) ("When a plea of no contest is now entered there must be a finding by a court that there is a factual basis for the plea. This finding and the entry of a judgment thereon constitute an adjudication of guilt. This adjudication would be a conviction . . . ."); N. C. G. S. § 15-A-1022 (c); see also N. C. G. S. §§ 14-7.1, 14-7.6 (2003) (addressing sentencing for "habitual felons," i. e., recidivists). In addition, in North Carolina, a nolo plea may be admitted in support of recidivist sentencing. *State v. Jones*, 566

9

SE2d 112, 120 (V) (N. C. App. 2002). Because OCGA § 17-10-7 (c) expressly directs sentencing courts to adopt the designation of a conviction employed by the foreign jurisdiction, Bryson's North Carolina nolo contendere pleas constitute predicate convictions under Georgia law.

We turn now to the elements of the crime of taking indecent liberties with children to determine whether Bryson's conviction constitutes a felony under Georgia law. Under North Carolina law, N. C. G. S. § 14-202.1, the State had to prove:

> (1) the defendant was at least 16 years of age, (2) he was five years older than his victim, (3) he willfully took or attempted to take an indecent liberty with the victim, (4) the victim was under 16 years of age at the time the alleged act or attempted act occurred, and (5) the action by the defendant was for the purpose of arousing or gratifying sexual desire.

*State v. Rhodes*, 361 SE2d 578, 580(N. C. 1987). "An 'indecent liberty' is 'any sexual conduct with a minor child.'" *United States v. Mills*, 850 F3d 693, 698 (II) (B) (4th Cir. 2017), citing *State v. Elam*, 273 SE2d 661, 665(N. C. 1981). Under the Georgia law then in effect, "[a] person commit[ted] the offense of child molestation when he or she d[id] any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a) (2003). The third, fourth, and fifth

10

elements of the North Carolina offense of indecent liberties with children, *Rhodes*, 361 SE2d at 580, to which Bryson pled nolo contendere, echo each of the material elements of child molestation under the relevant Georgia version of the law. For this reason, Bryson's nolo contendere pleas amount to felonies under Georgia law.[4]

2. Bryson also argues that the sentence imposing life imprisonment for the child molestation count is void because he did not receive timely notice that the State would seek a punishment of life in prison. See OCGA § 16-6-4 (b) (2003) ("a defendant shall be given notice, in writing, that the state intends to seek a punishment of life imprisonment"). However, the record shows the State did provide such notice and that Bryson's counsel acknowledged on the record that it was timely filed. Bryson's sentence is not void on this basis.

---

[4] Although Bryson argues that the State did not meet its burden of proof in establishing that the alleged facts in the North Carolina pleas constituted felonies under Georgia law, our Supreme Court has disapproved of the factual "conduct" approach in favor of an approach based on the elements of the crime, as discussed in *Green*, 311 Ga. at 243 (1). See *Nordahl v. State*, 306 Ga. 15, 19-20 (1) and n. 8 (829 SE2d 99) (2019) (disapproving of the use of the "conduct" approach in evaluating out-of-state convictions for use as predicate convictions under OCGA § 17-10-7 (a) and (c)).

3. Bryson argues, generally, that the sentences imposed for his sexual offenses are void because they should have been subject to the mandatory split-sentencing scheme outlined in OCGA § 17-10-6.2 (b). We disagree.

OCGA § 17-10-6.2 was not enacted until 2006:[5] Bryson committed the crimes at issue in 2003 or 2004, and he was sentenced in 2005. We have determined that OCGA § 17-10-6.2 does not apply retroactively. See *Hardin v. State*, 344 Ga. App. 378, 388-389 (2) (810 SE2d 602) (2018) ("Laws generally prescribe only for the future; they cannot ordinarily have a retrospective operation. And, the settled rule for the construction of statutes is not to give them a retrospective operation, unless the language so imperatively requires.") (citations and punctuation omitted). Bryson's sentences are not void.

4. Bryson next argues that all his sentences are void because the sentencing court improperly considered his decision to "continue[] to deny any guilt" even after the jury had rendered its verdict. He points to statements in which the trial court addressed his failure to show remorse and his refusal to accept responsibility for, or admit to, his crimes. He argues that this shows the trial court was biased and

[5] See Laws 2006, Act 571, § 21, eff. July 1, 2006.

12

"imposed sentences . . . outside the limits fixed by the law." This contention lacks merit.

The trial court imposed sentences within the ranges provided by the statutes at issue.[6] See *Tuggle v. State*, 305 Ga. 624, 628 (4) (825 SE2d 221) (2019) ("Although the legislature defines crimes and sets the ranges of sentences, trial courts generally have the discretion to impose sentence within the parameters prescribed by [] statute and if the sentence is within the statutory limits, the appellate courts will not review it.") (citations and punctuation omitted).

5. Bryson also raises contentions of error regarding issues that were decided in his earlier appeal in *Bryson I*.

Bryson argues, as he did in his earlier appeal, that the evidence was insufficient to sustain his convictions for aggravated sodomy, rendering his sentence for those

---

[6] The trial court sentenced Bryson as follows: Count 1, aggravated sodomy (OCGA § 16-6-2 (2003)), life without parole; Count 2, aggravated sodomy, life without parole to run consecutive to Count 1; Counts 3 and 4, aggravated child molestation (OCGA § 16-6-4 (c) (2003)), merged into Counts 1 and 2; Count 5, aggravated child molestation, 30 years without parole to run consecutive to Counts 1 and 2; Count 6, aggravated child molestation, 30 years without parole to run consecutive to Counts 1, 2 and 5; Count 7, child molestation (OCGA § 16-6-4 (a) (2003)), life without parole, as a recidivist, to run consecutive to Counts 1, 2, 5 and 6; Count 8, failure to register as a sex offender (OCGA § 42-1-12 (2003)), three years to run consecutive to Counts 1, 2, 5, 6, and 7; Count 9, failure to register as a sex offender, merged into Count 8.

counts void. This Court already found the evidence sufficient to sustain his convictions for aggravated sodomy. *Bryson I*, 282 Ga. App. at 37 (1) (a). He additionally argues that the evidence was insufficient to sustain his convictions for aggravated child molestation, but his appeal of those convictions is untimely. See OCGA § 5-6-38 (a); see also *Melton v. State*, 252 Ga. App. 29, 29-30 (1) (555 SE2d 488) (2001) (holding that an attack upon a conviction is not an attack upon a void sentence).

Similarly, Bryson also again argues that the nolo contendere pleas were improperly used as similar transaction evidence. This Court in *Bryson I* already addressed this contention and determined that "the record fails to reflect that the jury was permitted to consider the plea as similar transaction evidence." 282 Ga. App. at 44 (5).

Likewise, Bryson's contention on appeal that he received ineffective assistance of counsel also was previously decided in *Bryson I*, where this Court determined that he had waived his right to assert an ineffectiveness claim by not raising it at the earliest opportunity. Id. at 44-46 (6).

We need not further address these contentions, as we are bound by the law of the case. "It is well established that any issue that was raised and resolved in an

14

earlier appeal is the law of the case and is binding on this Court, and that the law of the case doctrine is not confined to civil cases, but applies also to rulings made by appellate courts in criminal cases." (Citation and punctuation omitted.) *Paradise v. State*, 321 Ga. App. 371, 373 (740 SE2d 238) (2013); OCGA § 9-11-60 (h).

6. Finally, the portion of Bryson's brief designated "2-" contains collections of cases which he summarizes without including any related argument or record citations. Any contentions of error within this portion of Bryson's brief have been abandoned. See *Day v. State*, 367 Ga. App. 803, 813 (4), n. 32 (888 SE2d 608) (2023) (noting that conclusory statements are not the type of meaningful argument contemplated by appellate court rules) (citation and punctuation omitted); *Fitzpatrick v. State*, 317 Ga. App. 873, 874 (1) (733 SE2d 46) (2012) ("[T]his Court will not cull the record in search of error on behalf of a party.") (citation and punctuation omitted).

*Judgment affirmed. Mercier, C. J., and Miller, P. J., concur.*