A09A2390. MIMS v. THE STATE.

(687 SE2d 670)

MIKELL, Judge.

Garrick Victor Mims was indicted on two counts of child molestation (Counts 1 and 2) and one count of enticing a child for indecent purposes (Count 3). A jury acquitted him of Counts 1 and 3 and found him guilty on Count 2. The trial court sentenced Mims to serve 20 years in prison. On appeal from the order denying his motion for a new trial, Mims argues that his trial counsel rendered ineffective assistance and that the trial court erred in responding to a juror's question outside of Mims's presence. Finding no error, we affirm.[1]

1. Viewed in the light most favorable to the verdict, the evidence reveals that, at 2:00 a.m. on December 16, 2001, when the victim, D. A., was 12 years old, Mims went into the bedroom D. A. shared with another child, E. B., woke up D. A., pulled out a condom, and put his hand in her panties. After D. A. told him that she hated him and wanted him to stop, Mims started to cry and then left. D. A. finally told her sister, who is D. A.'s legal guardian, about the incident a week later. The sister called the police.

D. A. told the police that Mims placed his hand on her vagina and inserted his finger into it. Mims waived his constitutional right against self-incrimination and agreed to take a polygraph on the question of whether he touched D. A.'s vagina. Mims also stipulated that the results of the polygraph would be admissible in evidence. A Clayton County police officer administered the polygraph to Mims, and the results revealed a greater than 99 percent chance that Mims was being deceptive in answering questions about whether he touched the victim's vagina.

Similar transaction evidence was introduced showing that in 2005, Mims woke E. B. up in the middle of the night, lured her out of her room on a pretext, forced her to sit in his lap, and demanded that she "show him something." E. B. slid onto the floor, and Mims reached down and began to rub her shoulders. E. B. felt uncomfort-

---

[1] In all criminal appeals, the state is required to file a brief when it is the appellee. See Court of Appeals Rule 23 (b). The filing of a brief is required to assist the Court in reaching the correct decision. Despite this requirement, and after having been granted a 22-day extension of time in which to file a brief, the state has failed to do so. Under these circumstances, we are authorized to hold counsel for the state in contempt. Although we decline to do so in this case, we strongly advise counsel that future violations of Rule 23 (b) may not be met with such leniency.

able and ran upstairs to tell her mother. Mims pleaded guilty to enticing a child for indecent purposes based on the incident, and his guilty plea was introduced into evidence.

The evidence also showed that Mims was the boyfriend of E. B.'s mother, Tracy Anderson, as well as the father of three of her children. Anderson testified that on the night in question, D. A. spent the night at her house, and Mims went to a Christmas party. According to Anderson, Mims left around eight or nine in the evening and did not return until six or seven the next morning. Anderson testified that as Mims walked into the house, she heard a man yelling his name. The man had backed his car into a ditch and needed help getting it out. Mims similarly testified that he went to a Christmas party that began around 9:00 p.m. and that when he returned to Anderson's house the next morning, his friend misjudged the driveway and drove into the ditch.

2. Mims contends that the trial court erred in rejecting his claim of ineffective assistance of counsel. We disagree.

To establish a claim of ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that such deficiency prejudiced the defense.[2]

> To meet the first prong of the required test, the defendant must overcome the strong presumption that counsel's performance fell within a wide range of reasonable professional conduct, and that counsel's decisions were made in the exercise of reasonable professional judgment. The reasonableness of counsel's conduct is examined from counsel's perspective at the time of trial and under the particular circumstances of the case. To meet the second prong of the test, the defendant must show that there is a reasonable probability that, absent any unprofessional errors on counsel's part, the result of his trial would have been different.[3]

A defendant's failure to meet his burden of proving either prong of this test is fatal to an ineffective assistance claim, and we need not address the deficient performance prong if the showing on the prejudice prong is insufficient.[4] "In reviewing the trial court's decision, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply

---

[2] *Adams v. State*, 283 Ga. 298, 299 (3) (658 SE2d 627) (2008).

[3] (Citations and punctuation omitted.) Id. Accord *Miller v. State*, 285 Ga. 285-286 (676 SE2d 173) (2009).

[4] See *Herrington v. State*, 285 Ga. App. 4 (645 SE2d 29) (2007).

the legal principles to the facts."[5]

(a) Mims asserts that counsel was ineffective by failing to investigate and interview alibi witnesses and by withdrawing his alibi defense.[6] At the hearing on the new trial motion, counsel testified that he withdrew the alibi defense because he determined that Anderson could not actually state that Mims was not at her house at the relevant time. Counsel testified that he had spoken with her several times, and he believed that Anderson would testify that she was awakened by Mims's arrival. Counsel also testified that Mims told him that a man had driven Mims home that night, but Mims never provided counsel with the witness's name or address. Therefore, counsel did not list Anderson as an alibi witness because the focus was on the unidentified driver as the alibi witness. Moreover, Anderson was already on the defense's witness list, and she testified favorably to Mims.

Mims testified at the hearing that he provided counsel with the first name of the witness but did not know the witness's last name. The alleged witness was neither identified nor summoned to testify at the new trial hearing.

In rejecting this claim of ineffectiveness, the trial court noted that although trial counsel withdrew the alibi defense, he presented one in reality. Both Anderson and Mims testified that he was away from the house at the time the victim testified that she was molested. In addition, trial counsel argued the credibility of Anderson's alibi testimony extensively to the jury, concluding his argument as follows: "What I want to drive home is that there's testimony that he was not there at 2 o'clock in the morning when this [is] alleged to have happened. The only conflicting testimony would be that of [D. A.]." The trial court thus found that there was no reasonable probability that, but for trial counsel's withdrawal of the alibi defense, the outcome of the trial would have been different. This finding is supported by the evidence and is not clearly erroneous. Moreover,

> [t]he alleged alibi witness that [Mims] claims should have been investigated by his trial counsel did not testify at the motion for new trial hearing. Nor did [Mims] present a legally acceptable substitute for this witness' testimony to substantiate his claim that this testimony would have been favorable to his defense. Therefore, [Mims] cannot meet his

---

[5] (Citation and punctuation omitted.) *Lupoe v. State*, 284 Ga. 576, 578 (3) (669 SE2d 133) (2008).

[6] See OCGA § 16-3-40: "The defense of alibi involves the impossibility of the accused's presence at the scene of the offense at the time of its commission. The range of the evidence in respect to time and place must be such as reasonably to exclude the possibility of presence."

burden of showing ineffective assistance based on counsel's failure to call this witness at trial.[7]

(b) Next, Mims argues that trial counsel was ineffective for failing to request a continuance to secure the testimony of an expert witness, Dr. Jack Farrar, to challenge the forensic interview of the victim and to attempt to establish that Mims was not a sexual predator. At the time of trial, Dr. Farrar was having lunch with the President of the United States. The record reflects that the trial court called a recess in order to permit trial counsel and the prosecutor to speak with Dr. Farrar by telephone. At the new trial hearing, trial counsel testified that after Dr. Farrar relayed his conclusions about Mims, counsel determined that it was not necessary to call him as a witness. "The determination as to which defense witnesses will be called is a matter of trial strategy and tactics. Trial strategy and tactics do not equate with ineffective assistance of counsel."[8] Trial counsel articulated valid reasons for not seeking a continuance to secure Dr. Farrar's testimony, and his strategy did not constitute ineffective assistance of counsel. Moreover,

> because [Mims] neither called [Farrar] to testify at the motion for new trial hearing nor presented a legally acceptable substitute for [Farrar's] direct testimony so as to substantiate [Mims's] claim that [Farrar's] testimony would have been relevant and favorable to [his] defense, it was impossible for [Mims] to show there is a reasonable probability the results of the proceedings would have been different.[9]

3. Finally, Mims contends that the trial court violated his constitutional rights by responding to a juror's question outside of his presence. In this regard, the record shows that during deliberations, the jury sent the judge a note asking when Mims was charged with the offenses in question. The trial court met with defense counsel and the prosecutor in chambers, and the attorneys agreed that the court would send a note back saying, "The evidence is closed. You must decide this case based upon the evidence already

---

[7] (Citation omitted.) *Lupoe*, supra at 578-579 (3) (b). See *Robinson v. State*, 278 Ga. 31, 35 (3) (b) (597 SE2d 386) (2004) (in order to demonstrate the prejudicial effect of counsel's failure to call a witness at trial, the defendant is required to make an affirmative showing that establishes how such failure affected the outcome of his case).

[8] (Citation and punctuation omitted.) *McGhee v. State*, 237 Ga. App. 541, 544 (1) (a) (515 SE2d 656) (1999).

[9] (Citation and punctuation omitted.) *Dickens v. State*, 280 Ga. 320, 323 (2) (627 SE2d 587) (2006).

presented." After sending this note to the jury, the trial court put the matter on the record and ascertained that there were no objections to the procedure. Thereafter, the jury returned a verdict of guilty on Count 2 and not guilty on Counts 1 and 3. On appeal, Mims complains that the trial court reversibly erred in discussing the matter outside of his presence. We disagree.

> The United States Supreme Court has long recognized that a criminal defendant's right to be present at all critical stages of the proceedings against him is a fundamental right and a foundational aspect of due process of law. This Court's interpretation of the analogous provisions of the Georgia Constitution has always been in accord. However, the right to be present belongs to the defendant, and the defendant is free to relinquish it if he or she so chooses. The right is waived if the defendant personally waives it in court; if counsel waives it at the defendant's express direction; if counsel waives it in court while the defendant is present; or if counsel waives it and the defendant subsequently acquiesces in the waiver.[10]

In *Hanifa v. State*,[11] our Supreme Court ruled that "a defendant waives appellate review of an allegedly improper judge/jury communication when, prior to verdict, [the] defendant is aware of the communication and fails to voice an objection."[12] *Hanifa* is apposite and controlling. Contrary to Mims's assertions in his brief, the record shows that, before the jury returned its verdict, Mims was aware of the allegedly improper communication between the judge and the jury and failed to object. Accordingly, Mims has waived appellate review of the issue.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED DECEMBER 4, 2009 — 

*Mack & Harris, Robert L. Mack, Jr.*, for appellant.
*Tracy G. Lawson, District Attorney, Anece B. White, Assistant District Attorney*, for appellee.

---

[10] (Footnotes omitted.) *Smith v. State*, 284 Ga. 599, 608 (4) (669 SE2d 98) (2008).
[11] 269 Ga. 797 (505 SE2d 731) (1998).
[12] (Citation omitted.) Id. at 808 (6).