**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**October 11, 2012**

# In the Court of Appeals of Georgia

A12A0916. FITZPATRICK v. THE STATE.

RAY, Judge.

A jury convicted Michael Fitzpatrick of two counts of burglary[1] and one count of possession of tools for the commission of a crime.[2] The trial court denied his motion for a new trial, and he appeals, contending that he received ineffective assistance of counsel; that the trial court exhibited bias in sentencing him; and that the evidence was insufficient to sustain his conviction. For the reasons that follow, we affirm.

---

[1] OCGA § 16-7-1 (c).

[2] OCGA § 16-7-20.

Viewed in the light most favorable to the jury's verdict,[3] the record shows that around midnight on November 7, 2008, a security guard saw Fitzpatrick pushing a baby stroller behind a shopping plaza containing a Metro PCS store. When the guard identified himself, Fitzpatrick ran away and jumped on top of a storage unit. The guard testified that he chased Fitzpatrick for about five minutes, never losing sight of him, then drew his weapon and apprehended him. In the stroller, the guard found cell phones, earpieces, and a radio. While the guard waited for the police, the owner of the Metro PCS store arrived because a silent alarm in his store had activated. He identified the baby stroller and its contents as having been taken from his store. When the police arrived, they searched Fitzpatrick and found screwdrivers and twelve cell phones in his pockets, as well as wire cutters and a flashlight in his duffel bag. The police also found that a hole had been chiseled through the cinder block and sheet rock into the back storage area of the store, and an additional hole from the storage area into the store itself. Fitzpatrick's hair, clothing, and boots were covered in a white chalky substance consistent with dust near the holes. The guard testified that he first saw Fitzpatrick and the stroller about five feet from one of the holes. The

---

[3] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

holes were big enough for a person to crawl through, and hammers not belonging to the store owner were found inside the store.

Three days prior to the burglary at the Metro PCS store, in the early morning hours of November 5, 2008, hundreds of dollars worth of meat was stolen from a Super Giant food store in the same plaza. The Super Giant was burglarized via a hole made through the external wall. The jury viewed a surveillance video taken at the store that morning, on which Fitzpatrick is shown.

1. As an initial matter, we note that Fitzpatrick has propounded compound enumerations of error and, in some instances, has failed to provide citations to the record or relevant authority. Our requirements for appellate briefs

> were created not to provide an obstacle, but to aid parties in presenting their arguments in a manner most likely to be fully and efficiently comprehended by this Court; a party will not be granted relief should we err in deciphering a brief which fails to adhere to the required form.[4]

---

[4] (Footnote omitted.) *Currid v. DeKalb State Court Probation Dept.*, 274 Ga. App. 704, 706 (1) (618 SE2d 621) (2005).

Further, "this Court will not cull the record in search of error on behalf of a party. Accordingly, if we have missed something in the record or misconstrued an argument, the responsibility rests with counsel."[5]

2. Fitzpatrick contends that his trial counsel was ineffective for a number of reasons.

To prevail on an ineffective assistance of counsel claim, a criminal defendant must show that his counsel's performance was deficient and that the deficient performance so prejudiced him that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different.[6] "The likelihood of a different result must be substantial, not just conceivable."[7] We are not required to address both the deficient performance and prejudice prongs of the test if the defendant has made an insufficient showing on either one of them, and "a court need not determine whether counsel's performance was deficient before examining the

---

[5] *Burrowes v. State*, 296 Ga. App. 629, 631 (1) (675 SE2d 518) (2009); Court of Appeals Rule 25 (a).

[6] *Strickland v. Washington*, 466 U. S. 668, 694 (III) (B) (104 SC 2052, 80 LE2d 674) (1984).

[7] (Citation omitted.) *Hill v. State*, 291 Ga. 160, 164 (4) (728 SE2d 225) (2012).

prejudice suffered by the defendant as a result of the alleged deficiencies."[8] Further, "[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[9]

Additionally, we note that Fitzpatrick's counsel obtained a directed verdict on one of the four charges against his client. Such a circumstance strongly supports the conclusion that the assistance of Fitzpatrick's trial counsel fell within the broad range of reasonably effective assistance which members of the bar in good standing are presumed to render.[10]

(a) Fitzpatrick's contention that he received ineffective assistance because his trial counsel lacked sufficient experience fails. Counsel had practiced law for five years as a public defender and had tried two or three felony cases before a jury. A successful ineffectiveness claim "rests upon specific errors made by counsel and does

---

[8] *Strickland*, supra at 697 (IV).

[9] (Citation and punctuation omitted.) *Boynton v. State*, __ Ga. App. __ (2) (730 SE2d 738) (2012).

[10] Id. (acquittal on one count supports conclusion that counsel was effective). See *Caylor v. State*, 255 Ga. App. 362, 363 (566 SE2d 33) (2002) (verdict of acquittal on one count supports conclusion that counsel was effective).

not rest upon trial counsel's inexperience."[11] Fitzpatrick has not met either prong of the ineffectiveness test in this contention.

(b) Fitzpatrick's assertion that trial counsel spent insufficient time preparing his case also fails. Although trial counsel did not recall how long he spent preparing for trial, at the motion for new trial hearing, he testified that he met with Fitzpatrick several times and had "ample opportunity to talk about . . . what our defense would be." Further, Fitzpatrick testified that he wanted to testify on his own behalf and felt prepared to do so. "[T]here exists no magic amount of time which a counsel must spend in preparation for trial in order to provide a client with adequate counsel."[12] As Fitzpatrick does not address how additional communication with his lawyer would have had a reasonable probability of changing the outcome of his trial, he has not shown prejudice.[13]

(c) Fitzpatrick contends that his trial counsel was ineffective because counsel "could recall no effort to ever locate" two witnesses whose names Fitzpatrick

---

[11] (Citation omitted.) *Kelly v. State*, 267 Ga. 252, 254 (2) (477 SE2d 110) (1996).

[12] (Citation and punctuation omitted.) *Vanholten v. State*, 271 Ga. App. 782, 783 (2) (a) (610 SE2d 555) (2005).

[13] Id.

provided, and because counsel did not seek potential, unnamed witnesses from businesses in the same plaza where the burglaries were committed.

The decision about which defense witnesses will be called is a matter of trial strategy and tactics, and whether that decision is reasonable is a question of law, not fact.[14] At trial, Fitzpatrick testified that one of those named witnesses, a co-worker, was "already gone" by the time Fitzpatrick went to the shopping plaza. There was no testimony about the other named witness. In addition, Fitzpatrick never asserted that these witnesses were with him at the time of the burglaries and thus could have provided an alibi. As for the potential witnesses from other businesses in the shopping plaza, Fitzpatrick has provided no argument about how those witnesses, even if they testified that he came into a nearby business to use the restroom, as he alleges, would then have been able to provide him with an alibi or other favorable testimony. Fitzpatrick did not call any of these witnesses at the hearing on his motion for a new trial, and trial counsel testified that he did not have enough information to contact the named witnesses.[15]

_____

[14] (Citations omitted.) *Jones v. State*, 315 Ga. App. 427, 433 (3) (727 SE2d 216) (2012).

[15] See *Mims v. State*, 301 Ga. App. 436, 438-439 (2) (a) (687 SE2d 670) (2009) (trial counsel was not ineffective for failing to call witnesses for whom he had

Because [Fitzpatrick] neither called these witnesses to testify at the motion for new trial hearing nor presented a legally acceptable substitute for their direct testimony so as to substantiate his claim that the witnesses' testimony would have been relevant and favorable to his defense, it was impossible for [Fitzpatrick] to show there is a reasonable probability the results of the proceedings would have been different.[16]

(d) Fitzpatrick alleges that his trial counsel was ineffective for failing to object when a person not on the witness list authenticated the Super Giant surveillance tape and the tape was admitted into evidence.[17] Although Fitzpatrick argued below that the trial court erred in admitting the tape, he never asserted below that his counsel rendered ineffective assistance in failing to object, nor did the trial court rule on this

---

insufficient contact information where the defendant did not call those witnesses at his motion for new trial hearing or otherwise show their testimony would have altered the outcome of his case).

[16] (Citation and punctuation omitted.) *Green v. State*, 291 Ga. 287, 298 (10) (d) (728 SE2d 668) (2012).

[17] Fitzpatrick also contends that he did not see a copy of the Super Giant surveillance video prior to trial. However, trial counsel testified that he showed Fitzpatrick the video before trial, and Fitzpatrick testified that he saw the video the day before trial.

8

issue. "[I]t is well settled that this [C]ourt will not consider issues raised for the first time on appeal."[18] Accordingly, this issue is not properly before us on appeal.

(e) Fitzpatrick argues that his trial counsel's performance was deficient because his trial counsel failed to object to a Metro PCS employee's "speculative opinion" testimony about what he saw on the store's surveillance video. The employee testified that he believed there was one person on the video because he saw only one flashlight beam. Fitzpatrick had argued that two other men committed the burglary.

Even assuming trial counsel's failure to object rendered him ineffective, this testimony created little, if any, prejudice considering the overwhelming evidence of Fitzpatrick's guilt: he was found pushing a baby stroller stolen from the Metro PCS store filled with items stolen from that store; his pockets contained items stolen from that store; his duffel bag contained tools used to access the store; and he was covered in dust from chiseling into the store. Fitzpatrick has failed to show that but for the failure to object to this testimony, the outcome of his trial would have been

---

[18] (Citation and punctuation omitted.) *Dukes v. State*, 224 Ga. App. 305, 308 (3) (480 SE2d 340) (1997).

different.[19] The trial court's determination that he was afforded effective assistance of counsel was not clearly erroneous.

3. Fitzpatrick contends that the trial court erred by "punishing [him] for exercising his right to a jury trial" and that the trial judge should have recused himself because of bias or prejudice. Specifically, he supports his assertion of bias by referencing the trial judge's statement at the sentencing hearing, "I watch you take up the court's time, I watch you take up the jury's time." Fitzpatrick contends that this statement shows the trial court exhibited bias that "impacted the sentence." . We disagree."In order to be disqualifying an alleged judicial bias must stem from an extra-judicial source and result in an opinion on the merits on some basis other than what the judge learned from his or her participation in the case."[20] The record does not show, nor does Fitzpatrick contend, that the alleged bias resulted from an extra-judicial source.

---

[19] See *Lambert v. State*, 287 Ga. 774, 777 (2) (700 SE2d 354) (2010) (counsel's failure to object to testimony on coercion was not ineffective given the overwhelming evidence of defendant's guilt); *Pilkington v. State*, 298 Ga. App. 317, 320 (1) (b), (c) (680 SE2d 164) (2009) (counsel's failure to object to opinion testimony by police officers regarding credibility of a witness was not ineffective where the evidence of defendant's guilt was overwhelming).

[20] (Punctuation and footnote omitted.) *Butts v. State*, 273 Ga. 760, 762-763 (3) (546 SE2d 472) (2001).

Further, we note that Fitzpatrick did not move for a recusal, and "[t]here is no duty for a trial judge to sua sponte recuse himself absent a violation of a specific standard of OCGA § 15-1-8 or Canon 3 (E) (1) (a) through (c) of the Judicial Code of Conduct."[21] Fitzpatrick cites no specific standard allegedly violated by the trial judge.

Moreover, the record belies Fitzpatrick's argument that he was punished for requesting a jury trial. Immediately after making the remark about which Fitzpatrick complains, the trial judge stated that the Super Giant videotape clearly showed Fitzpatrick taking meat from the store, and that Fitzpatrick's testimony regarding the Metro PCS burglary "defies belief." The trial judge also indicated that the sentence was based on evidence he had observed from the bench. "During sentencing, a court may consider any evidence properly adduced during the guilt-innocence phase of the proceedings."[22]

Significantly, Fitzpatrick does not argue that the sentence was illegal or excessive based upon the facts of the case. Indeed, his counsel told the trial court, "I

---

[21] (Citation and punctuation omitted.) *Lemming v. State*, 292 Ga. App. 138, 141 (1) (663 SE2d 375) (2008).

[22] (Footnote omitted.) *De'Mon v. State*, 262 Ga. App. 10, 15 (5) (584 SE2d 639) (2003).

would hope that [Fitzpatrick] would get something less [as a sentence], but I think the Court in its discretion . . . *could have given the same sentence . . . .*"[23] "It is well established that the trial court has the discretion to impose [a] sentence within the parameters prescribed by the statute and if the sentence is within the statutory limits, the appellate courts will not review it."[24] This enumeration is unavailing.[25]

4. Fitzpatrick also contends that the evidence was insufficient to support his convictions. When viewed in the light most favorable to the verdict, and based on our determinations in Divisions 2 and 3, the evidence presented at trial and summarized above was sufficient to authorize a rational jury to find Fitzpatrick guilty beyond a reasonable doubt of the two counts of burglary for which he was convicted.[26]

---

[23] (Emphasis supplied.) See *Ahmed v. Clark*, 301 Ga. App. 426, 428 (688 SE2d 361) (2009) (party may not acquiesce in trial court's ruling and later complain about that ruling on appeal).

[24] (Citations and punctuation omitted.) *Bennett v. State*, 292 Ga. App. 382, 385 (1) (665 SE2d 365) (2008).

[25] Since Fitzpatrick's contention that his sentence is "incomprehensible" is not supported by argument, by citation to the record, or with any authority, this portion of his enumeration of error has been abandoned. See Court of Appeals Rule 25 (a), supra.

[26] See *Jackson*, supra.

Fitzpatrick presents no substantive argument or citation to authority related to the sufficiency of the evidence supporting his conviction for possession of tools for the commission of a crime. "Pursuant to Court of Appeals Rule 25 (a) (3) and (c) (2), an appellant must support enumerations of error with argument and citations of authority, and mere conclusory statements are not the type of meaningful argument contemplated by the rule."[27] This portion of Fitzpatrick's enumeration, therefore, has been abandoned. Nevertheless, our review of the record shows that there was sufficient evidence for a rational trier of fact to find Fitzpatrick guilty beyond a reasonable doubt of possessing tools for the commission of a crime.[28]

*Judgment affirmed. Miller, P. J., and Branch, J., concur.*

---

[27] (Citation and punctuation omitted.) *Quarterman v. State*, 305 Ga. App. 686, 690 (1) (b) (700 SE2d 674) (2010).

[28] OCGA § 16-7-20, supra; *Weeks v. State*, 274 Ga. App. 122, 126 (2) (616 SE2d 852) (2005) (evidence was sufficient to support conviction for possession of tools used for the commission of a crime where the defendant was found with a screwdriver and flashlight near the house that had been burglarized); *Manous v. State*, 205 Ga. App. 804, 805 (1) (423 SE2d 721) (1992) (evidence was sufficient where, among other things, screwdriver was found in area of woods where the defendant ran to evade police after burglary of a restaurant).