**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN, P. J. and MERCIER, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**August 1, 2019**

# In the Court of Appeals of Georgia

A17A1625. TURNER v. THE STATE

BARNES, Presiding Judge.

In *Turner v. State*, 345 Ga. App. 427 (811 SE2d 97) (2018) (physical precedent only), this Court affirmed the trial court's denial of Tyler Turner's motion for new trial upon our determination that evidence of a 2007 robbery conviction was properly admitted and that trial counsel had not rendered ineffective assistance. Id at 431-433 (1), (2). Subsequently, the Georgia Supreme Court granted Turner's petition for certiorari and vacated the judgment in that case, and remanded the case to this Court "for reconsideration of the issues on appeal in light of *Gramiak v. Beasley*, [304 Ga. 512] (820 SE2d 50) (2018)." *Turner v. State*, 2018 Ga. LEXIS 742 (Ga., Nov. 15, 2018). Under *Gramiak*, a defendant claiming ineffective assistance based on rejecting

a plea offer because of counsel's deficient advice must establish prejudice by showing:

> [1] that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), [2] that the court would have accepted its terms, and [3] that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Gramiak*, 304 Ga. at 515 (1) (b) (quoting *Lafler v. Cooper*, 566 U. S. 156, 164 II (B) (132 SCt 1376, 182 LE2d 398) (2012).

The decision in *Gramiak*, however, only relates to the ineffective assistance of counsel claim which was addressed in Division 2 of our opinion. See *Turner*, 345 Ga. App. at 431-433 (2) (a)-(d). In circumstances where the Supreme Court

> only addressed one of the divisions in our opinion, we are required to (1) read the Supreme Court's opinion within the context of the opinion being reversed; (2) to determine whether any portions of the opinion being reversed were neither addressed nor considered by the Supreme Court; and (3) enter an appropriate disposition with regard to those portions that are consistent with the issues addressed and considered by the Supreme Court. After so doing, we find that Division 1. . . of our

2

opinion [is] . . . not affected by the Supreme Court's decision, and thus remain[s] in effect.

(Citation and punctuation omitted.) *Wiggins v. State*, 279 Ga. App. 901, 901-902 (633 SE2d 381) (2006), citing *Shadix v. Carroll County*, 274 Ga. 560, 563-564 (554 SE2d 465) (2001).

However, we vacate Division 2 of our opinion which addressed Turner's ineffectiveness claim and, because the court below did not apply the criteria set forth in *Gramiak*, remand the case to the trial court for consideration of that claim under the aforementioned legal framework. If the trial court finds that no new trial is warranted, Turner may file a timely appeal from the trial court's order.

*Judgment affirmed in part, vacated in part and case remanded. McMillian, P. J. and Mercier, J., concur*.