S06A1805. WILLIAMS v. THE STATE.
(637 SE2d 25)

MELTON, Justice.

In *Williams v. State,* 280 Ga. 297 (627 SE2d 32) (2006), this Court affirmed the conviction of Johnny Mack Williams for felony murder, aggravated assault, and possession of a knife during the commission of a felony. We remanded his case, however, for consideration of his claim that he received ineffective assistance of trial counsel. On remand, the trial court found that Williams did not receive ineffective assistance, and Williams now appeals this decision. For the reasons set forth below, we affirm.

To establish ineffective assistance of counsel, Williams must show both that his trial counsel's performance was deficient and that the deficient performance was prejudicial to his defense. *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). In showing deficient performance, Williams must overcome the strong presumption that counsel's performance fell within the wide range of reasonable professional conduct and that counsel's decisions were made in the exercise of reasonable professional judgment. Id. To establish prejudice, Williams must show that there is a reasonable probability that, in the absence of professional errors by counsel, the result of the trial would have been different. See *Hampton v. State,* 279 Ga. 625 (619 SE2d 616) (2005). " 'We accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" *Robinson v. State,* 277 Ga. 75, 76 (586 SE2d 313) (2003).

Williams first contends that his trial counsel rendered ineffective assistance by failing to spend enough time interviewing him prior to trial. The record shows, however, that Williams' trial counsel met with the assistant district attorney prior to trial and reviewed the entire record. Trial counsel then met with Williams on several occasions to go over discovery and prepare for trial. Therefore, the record does not support Williams' contention.

Williams next maintains that his trial counsel rendered ineffective assistance by failing to discuss with him or give him copies of discoverable evidence prior to trial. Williams' trial counsel testified,

however, that he visited Williams at the jail at least twice in order to provide Williams with a detailed discussion of all the evidence and discoverable material. Trial counsel further testified that he did not leave any copies of this material with Williams out of the concern that other inmates would steal them, learn the details of the case, and then offer to testify against Williams in order to receive preferable treatment. Again, the record fails to support Williams' claim of ineffective assistance.

Finally, Williams argues that his trial counsel rendered ineffective assistance by failing to inform him of any of the important legal issues or defenses applicable to his case. Contrary to Williams' statements, trial counsel testified that he did discuss legal issues and defenses with Williams, including self-defense and manslaughter. Although Williams argues that this did not happen, the trial court found trial counsel's testimony to the contrary to be credible. In doing so, the trial court's actions were not clearly erroneous. *Robinson, supra.*

Accordingly, Williams has failed to support any of his allegations that his trial counsel rendered ineffective assistance.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 30, 2006.

*Orin L. Alexis,* for appellant.

*Spencer Lawton, Jr., District Attorney, Margaret E. Heap, Assistant District Attorney, Thurbert E. Baker, Attorney General, Robin J. Leigh, Assistant Attorney General,* for appellee.