295 Ga. 168
FINAL COPY

S14A0501. DAVIS v. THE STATE.

MELTON, Justice.

Following a jury trial, Douglas Davis was found guilty of malice murder, three counts of felony murder, and various other offenses in connection with the shooting death of Robert Gresham.[1] Gresham died from multiple gunshot wounds to the head, chest, and abdomen on November 28, 2009. The injuries were caused by two different handguns. On appeal, Davis contends that the trial

---

[1] On August 11, 2010, Davis and co-defendant Anthony Threatt were, individually and as parties to a crime, indicted for malice murder, three counts of felony murder, armed robbery, aggravated assault, and possession of a firearm during the commission of a felony. Davis was separately indicted for felony murder and possession of a firearm by a convicted felon. Following a December 2011 joint jury trial, Davis was found guilty on all counts for which he was indicted. On December 13, 2011, Davis was sentenced to life imprisonment for malice murder; five consecutive years for possession of a firearm by a convicted felon; and five consecutive years for possession of a firearm during the commission of a felony. The felony murder convictions were vacated by operation of law, see Malcolm v. State, 263 Ga. 369 (4) (434 SE2d 479) (1993), and the remaining counts were merged for purposes of sentencing. Davis filed a motion for new trial on January 10, 2012, which he amended on April 25, 2013. After a hearing, the motion for new trial was denied on October 10, 2013. Davis filed a timely notice of appeal on November 7, 2013, which was amended on November 15, 2013. The appeal was docketed to this Court for the January 2014 term and was submitted for a decision on the briefs.

court erred by not granting a continuance after Davis replaced appointed counsel with retained counsel mid-trial. Davis further contends that both attorneys were ineffective at trial. For the reasons that follow, we affirm.

1. Viewed in the light most favorable to the verdict, the record shows that, in the early morning hours of November 28, 2009, Toney Josey, Davis' step-sister, drove Davis, Threatt, and Bud Wyche to Moreland Avenue in Monroe County, Georgia. At the time, Davis was wearing black clothes and a hat. After being dropped off, Wyche left the company of Davis and Threatt. Gresham lived and worked on Moreland Avenue, operating a car repair shop on his property. Gresham also sold marijuana from that location. Later that morning, Gresham was visited by his friend, Alvin Shannon, who wanted to purchase marijuana. Gresham came out of his house, told Shannon to stay in the car, and then walked around to the back, where his shop was located. After Gresham was out of view, Shannon observed two men walk out from a tree line that was near a barbeque pit and Gresham's shop. Both men appeared to be carrying guns, and both were wearing dark clothing and masks. Shannon then heard a shot, after which he started his vehicle and left the scene.

At about 8:00 a.m., Wyche began receiving phone calls from Davis, who

2

was frantically asking Wyche to pick him up. Wyche picked up Davis and Threatt and, after driving them for some time, Threatt told Wyche that they had shot Gresham. Later in the afternoon, both Josey and Wyche told investigators what transpired that morning. A search warrant was obtained for Davis's house, where a black jacket was found. The jacket tested positive for gunshot residue. In addition, near the barbecue pit, a hat was recovered, which was recognized by Gresham's neighbor as belonging to Davis, and was later determined to exhibit Davis's DNA.

This evidence was sufficient to enable a rational trier of fact to find Davis guilty of all the crimes of which he was convicted beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Davis contends that the trial court erred by denying his motion for continuance after he substituted counsel on the third day of trial. We disagree. While every defendant has the right to hire counsel, the defendant must use reasonable diligence in obtaining retained counsel. Flowers v. State, 275 Ga. 592 (2) (571 SE2d 381) (2002). A defendant may not use "a request for change of counsel as a dilatory tactic." Brown v. State, 278 Ga. 724, 729 (5) (609 SE2d 312) (2004).

After tensions arose between Davis and his appointed counsel, John D. Rasnick, the trial court granted a motion for continuance in August 2011 to allow Davis to find and hire new counsel. Davis never hired new counsel and Rasnick remained his appointed attorney until trial. At the pre-trial hearing on December 1, 2011, Davis asked for another continuance, which was denied by the trial court because Davis already had ample opportunity to retain substitute counsel. The trial court further warned Davis that it was not going to allow Davis to disrupt his trial by trying to replace his attorney mid-proceedings. Indeed, when Michael S. Winner, the attorney eventually hired by Davis, showed up in court at the start of trial, the trial court warned Winner that it would not grant a continuance if Winner was hired.[2] As promised, the trial court denied Davis' third request for continuance on the third day of trial after Davis hired Winner and Winner submitted his entry of appearance. The trial court did not abuse its discretion in making this decision. See Calloway v. State, 313 Ga. App. 708 (1) (722 SE2d 422) (2012) (denying motion for continuance after the defendant tried to substitute counsel after voir dire was not an abuse of

_____

[2]Winner, himself, advised Davis that it would be detrimental to switch attorneys after the beginning of trial.

4

discretion).

3. Davis contends that Rasnick, his appointed counsel, was ineffective for (a) only allowing Davis to have the discovery file for about a week, (b) not meeting with Davis for a period of eight months, and (c) never meeting or talking with Wyche before trial. Davis contends that Winner, his retained, substitute counsel was ineffective by (d) not being adequately prepared for trial and (e) sleeping during trial.

> In order to succeed on his claim of ineffective assistance, [Davis] must prove both that his trial counsel[s'] performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. Strickland v. Washington, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). If an appellant fails to meet his or her burden of proving either prong of the Strickland test, the reviewing court does not have to examine the other prong. Id. at 697 (IV); Fuller v. State, 277 Ga. 505 (3) (591 SE2d 782) (2004). In reviewing the trial court's decision, "'[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" Robinson v. State, 277 Ga. 75, 76 (586 SE2d 313) (2003).

Wright v. State, 291 Ga. 869, 870 (2) (734 SE2d 876) (2012).

(a) The record shows that Rasnick did leave the discovery file with Davis in December 2010 after Rasnick visited Davis in jail. The discovery file was in

5

Davis's possession for some period of time between a week and twelve days. Rasnick did allow Davis's father to make copies, and the file was always taken to the jail when Rasnick or his investigator met with Davis. Davis has not shown prejudice, and, in any event, it is not generally ineffective assistance of counsel where an attorney refuses to leave the discovery file with a defendant at a jail. See Williams v. State, 281 Ga. 196, 196-197 (637 SE2d 25) (2006). Accordingly, Davis has not met his burden of showing ineffective assistance of counsel.

(b) The motion for new trial hearing indicates that Rasnick met with Davis, at the very least, at arraignment, in December 2010 at the jail, and in August 2011 when Davis's first motion for continuance was granted. The record also shows that Rasnick hired two investigators to investigate the evidence and witnesses. Further, Rasnick reviewed the case and visited the crime scene with the district attorney. "[T]here exists no magic amount of time which counsel must spend in actual conference with his client." Ruffin v. State, 283 Ga. 87, 91 (12) (d) (656 SE2d 140) (2008) (citation and punctuation omitted). Davis has

not shown ineffective assistance of counsel in this instance.[3]

(c) Davis also contends that Rasnick was ineffective for failing to meet or speak with Wyche before trial. Rasnick testified, however, that Wyche refused to speak with him or his investigators. Davis's contention is meritless. Terry v. State, 284 Ga. 119, 121 (2) (b) (663 SE2d 704) (2008).

(d) The record does not support Davis's contention that Winner was not adequately prepared for trial. The record shows that Winner previously represented Davis at the preliminary hearing, had two weeks to prepare for that hearing, and used the same two witnesses at that hearing that he used at trial. Before being retained at trial, Winner was kept aware of the trial proceedings through Davis's family, who had been trying to hire Winner, to the point that Winner even called the district attorney in October and December 2011 to find out when the trial date was set. After Davis hired Winner, Rasnick handed the entire case file to Winner, and Winner stated that he used all of his free time to review the file and prepare his trial strategy. Though Winner's time was limited,

_____

[3] To the extent there was a restriction of communication between Rasnick and Davis, it was due to Davis being an obstinate client. Indeed, Rasnick testified at the motion for new trial hearing that his secretary wanted to file harassment charges after a telephone conversation with Davis.

7

he had prior familiarity with the case and witnesses, and the trial court did not err in finding that he did not render ineffective assistance.[4]

(e) Despite the assertion that Winner dozed off during trial, Jim Knight, counsel for Davis's co-defendant, testified at the motion for new trial hearing that he did not observe Winner fall asleep. Instead, he observed that Winner was actually engaged and animated during the trial. Another witness at the motion for new trial hearing also testified that she did not observe Winner sleeping. Finally, the trial judge, in his order denying a new trial, asserted that he never noticed Winner dozing off. We accept the trial court's factual findings and, as such, Davis's claim fails. Wright, supra.

Judgment affirmed. All the Justice concur.

---

[4] We note that any lack of time to prepare was a consequence of a decision made by Davis. Winner warned Davis that substituting counsel mid-trial was a terrible idea. The trial judge specifically went over the perils of substituting counsel mid-trial with Davis. Davis proceeded with substitute counsel against the warnings of both the trial judge and Winner.

Decided May 5, 2014.

Murder. Monroe Superior Court. Before Judge Fears.

G.B. Moore III, for appellant.

Richard G. Milam, District Attorney, Mark S. Daniel, Assistant District Attorney, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jason M. Rea, Assistant Attorney General, for appellee.